IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| D.H., a minor, by his Parent and natural guardian, **DANA KIEFER** 664 Pine Street Easton, PA 18042 | : : : : : : | **JURY TRIAL DEMANDED** **CIVIL ACTION** |
| Plaintiffs, | : : | HON. |
| vs. | : : | |
| **KEVIN P. WARD** 1500 Sunset Road #B8 Tarpon Springs, FL 34689 | : : : : | |
| Defendant. | : | NO. |

## COMPLAINT (CIVIL ACTION)

I. **NATURE OF ACTION, JURISDICTION AND VENUE**

1. This is an action for damages arising from minor plaintiff D. H.'s exposure to toxic levels of lead and related contaminants, all caused by the culpable conduct of defendant, alleged in greater detail hereinbelow.

2. Jurisdiction is vested in this Court by virtue of 28 U.S.C. §1331, as it is partially brought pursuant to a federal statute, the Residential Lead-Based Paint Hazard Reduction Act, 42 U.S.C. §4851 *et seq.* The Court has supplemental jurisdiction over plaintiffs' state law claims pursuant to 28 U.S.C. §1367(a).

3. Jurisdiction is further vested in this Court by virtue of the diversity of the parties' citizenship, and the amount in controversy, which exceeds $75,000.00. 28 U.S.C. §1332(a).

4. This Court has personal jurisdiction over defendant in this action due to his regular and substantial contact with the Commonwealth of Pennsylvania for the conduct of business and ownership of property therein.

5. Venue is appropriate in this judicial district as the events giving rise to the action occurred therein and the property that is a material subject of the action is located therein. 28 U.S.C. §1391(b), and plaintiffs are residents of this judicial district, living at the above-captioned address.

## II. THE PARTIES

6. Plaintiff Dana Kiefer is the mother and natural guardian of minor plaintiff D. H., who was born on July 1, 2015.

7. Kevin P. Ward [hereinafter, "Ward"] is an individual residing at the above-captioned address. At all times material hereto, Ward has been actively involved in the business of owning and renting to tenants in various residential properties, including 500 ½ Pennsylvania Avenue, Pen Argyl, Pennsylvania.

## III. FACTUAL ALLEGATIONS

8. In 2017 Ward owned a residential property at 500 ½ W. Pennsylvania Avenue in Pen Argyl, Pennsylvania.

9. In or around April, 2017, Defendant rented the property to Dana Kiefer.

10. Defendant knew that plaintiff Kiefer intended to reside in that property with D. H., her infant child, who at all times material hereto was a legal occupant of the property under the applicable lease, a true and correct copy of which is attached hereto as Exhibit B.

11. At all times material hereto, both plaintiffs were legal occupants of the Pen Argyl property.

12. Unbeknownst to Dana Kiefer, the house was heavily contaminated with lead dust and lead-based chipped and deteriorating paint, on and around surfaces making it particularly accessible to infants and toddlers, including D. H.

13. On May 19, 2017, D. H.'s blood was tested, and the results showed he had an elevated level of lead in his blood, recorded as 11 micrograms per deciliter, a concentration more than double the "reference value" established by the Centers for Disease Control to identify children with significantly excessive lead levels.

14. During the time he and his mother lived in the Pen Argyl property, the concentration of lead in his blood reached even more excessive levels, as high as 35 micrograms per deciliter.

15. Lead accumulates in the body over time. D. H.'s lead burden reached such high levels that x-rays of his torso revealed its presence in the tissues of his body. See image attached hereto as Exhibit A.

16. Lead, a heavy metal, is a neurotoxin which, even at low levels, can cause, and causes serious health effects in children, including but not limited to damage to the brain and nervous system, developmental delays, learning and behavioral problems, all of which are or may be permanent.

17. Sometime after the detection of lead in D. H.'s blood, the rental property he occupied was inspected by the City of Bethlehem Board of Health. The inspection and related tests of samples taken from the property showed multiple lead exposure hazards throughout the living area, including areas readily accessible to D. H.

18. The inspection also revealed that defendant had not provided Dana Kiefer with lead hazard information required by federal law, as averred in greater detail hereinbelow.

19. As a direct result of being exposed to deteriorating lead paint, lead dust and other lead hazards in the Pen Argyl house, D. H. suffered lead poisoning and has experienced developmental delays, speech impairment, learning disabilities, acting out behavior, and loss of

3

enjoyment of life, all of which may continue indefinitely in the future, may be permanent, and will result in a loss of earnings and earning capacity.

20. As a direct result of being exposed to the aforesaid lead hazards, D. H. has suffered brain damage and is receiving required, appropriate therapy and special educational services, which may continue indefinitely in the future.

21. Dana Kiefer will, for the foreseeable future, be responsible for the costs of such treatment and services rendered for her son, minor plaintiff D.H.

## COUNT I
## PLAINTIFFS VS. DEFENDANT
## PURSUANT TO THE RESIDENTIAL LEAD-BASED
## PAINT REDUCTION ACT [HEREINAFTER, "THE ACT"]

22. Plaintiff incorporates herein by reference the foregoing paragraphs as though each were set forth in its entirety.

23. The Act, at 42 U.S.C. §4852(d)(a)(1)(A) and (B), requires that a lessor of residential housing units built before 1978 provide the lessee with a lead hazard information pamphlet and disclosure to the lessee of the presence of any known lead-based paint or any known lead-based paint hazards in such housing, and provide to the lessee any lead evaluation report available to the lessor. Defendant did not make these disclosures to Dana Kiefer. See the lease provided by defendant (Exhibit B).

24. The Act further provides at 42 U.S.C. §4852(d)(b)(3) and (4) that any person who knowingly violates these requirements shall be jointly and severally liable to the lessee in an amount equal to three times the amount of damages incurred by such individual, plus costs and attorney's fees.

25. The rental property at 500 ½ W. Pennsylvania Avenue in Pen Argyl, Pennsylvania was built before 1978.

26. Defendant knowingly failed to provide Dana Kiefer with a lead hazard information pamphlet and failed to disclose to her known lead-based hazards in violation of §4852(d)(b)(3).

27. Defendant's violation of §4852(d) was a direct cause of the damages plaintiffs have suffered and will suffer in the future, as described in paragraphs 13-21 above, and defendant is liable for treble damages, attorney's fees and costs.

28. Defendant's aforesaid culpable conduct was solely in the economic interests of defendant and was performed in knowing, reckless and wanton disregard of the rights and well-being of plaintiffs.

## COUNT II
## NEGLIGENCE
## PLAINTIFFS VS. DEFENDANTS

29. Plaintiff incorporates herein by reference the foregoing paragraphs as though each were set forth in its entirety.

30. Before leasing his Pen Argyl property to Dana Kiefer, there were painted surfaces in the apartment which had deteriorated and were chipping and cracking.

31. It was foreseeable to defendant that lead would be present in the chipped and cracked surfaces and dust which would expose D. H. to an unreasonable risk of harm.

32. Defendant owed D. H. a legal duty to make the apartment safe for his occupancy.

33. Defendant breached that duty and was negligent, in that, prior to renting the apartment to Dana Kiefer, he :

    (a) failed to have the apartment inspected before occupancy by plaintiff;

5

(b) failed to have the chipped paint surfaces and dust tested for the presence of lead before occupancy by plaintiff;

(c) failed to eliminate the lead hazards in the apartment;

(d) failed to warn plaintiffs of the severe risk of harm present in the premises;

(e) failed to comply with the duties of a landlord imposed by the Residential Lead-Based Paint Reduction Act.

34. As a direct result of defendant's negligence, D. H. was exposed to toxic levels of lead and lead dust for an extensive period of time.

35. As a direct result of defendant's negligence, D. H. incurred the damages described in paragraphs 13-21 above.

## IV.  JURY TRIAL DEMANDED

36. Plaintiffs demand a jury determination of all issues so triable.

## V.  PRAYER FOR RELIEF

WHEREFORE, plaintiffs ask the Court to enter judgment in their favor and against defendants, and to provide plaintiffs with the following relief:

(a) an award of compensatory damages;

(b) treble damages, attorney fees and costs, pursuant to 42 U.S.C. §4852(d)(b)(3) and (4);

(c) punitive damages;

(d) such other relief as the Court deems just and equitable.

                              Respectfully submitted,

Dated: 03/17/2022

                              GERALD J. WILLIAMS, ESQUIRE
                              PA Attorney I.D. #36418
                              WILLIAMS CEDAR, LLC
                              One South Broad Street, Suite 1510
                              Philadelphia, PA  19107
                              Telephone:  215.557.0099
                              Facsimile:    215.557.0673
                              Email:  gwilliams@williamscedar.com